*214 The opinion of the Court was delivered by
Dunkin, Ch.
Upon a question purely of fact, this Court would be indisposed to disturb the conclusions of the Chancellor, unless some error has been committed in the admission or rejection of testimony. It is urged that Nelly Partain was incompetent as a party defendant on the record, and as having a direct interest in the issue.
The general rulé upon this subject is stated by Mr. Mad-dock, 2 Madd. 416; that, unlike the practice of the courts of law, a defendant may, in equity, examine a co-defendant, if he .is not concerned in interest, as if he be merely a trustee or disclaims; and, for the last illustration, he cites a note to 2 Ch. Cases, 214, said to be by Sergeant Maynard. The rule that a defendant may be a witness for his co-defendant, where his interest is not to be affected by his testimony, is recognized by our own 'courts in Wright vs. Wright, 2 McM. 185, and Glenn vs. Wallace, 4 Strob. Eq. 149. Mere contingent liability for costs, as a party to the record, (costs being always within the discretion of the Chancellor,) has never been held sufficient to exclude a witness not otherwise interested. A cause in equity frequently involves several distinct issues. The inquiry always is as to the interest of the witness in the matter to which he is proposed to be examined; “and a defendant (says IVEr. Maddock, ut supra,) having been examined as a witness, may have a decree against him upon.other matters to which he was not examined.” In the well considered case of Nevill vs. Demeritt, 1 Green Ch. R. 321, cited also in a note to 2 Dan’l Ch. P. 1044, it is held that “an order allowing a defendant to examine his co-defendant as a witness will always be granted upon a suggestion that the party to be examined has no interest in the cause, leaving the question of interest to be settled at the hearing upon the proofs}’
The plaintiff is the administrator of Burdett Etheredge, deceased. The declared purpose of the proceedings is to obtain possession of certain notes and single bills to the amount of some nine thousand dollars, belonging, it is alleged, to the *215 estate of the intestate. A general description of the papers claimed is filed with the bill, and it is charged that the plain-tiíf has no adequate remedy at law by reason of Nelly Par-tain’s insolvency; plaintiff prays a more perfect description of the papers and security for the forthcoming, &c., but makes no charge or suggestion that Nelly Partain had collected, or attempted to collect, any part of the choses in action. The bill was filed 6th November, 1855, and on the next day an order was made that Nelly Partain should give security for the forthcoming of the papers. Immediately after the order, instead of giving security, she forthwith deposited with the Commissioner in Equity the several choses in action claimed by the plaintiff; and afterwards filed her answer, containing a copy of the several choses in action, and formally disclaiming any interest therein. After this statement, all of which is verified, not by any testimony of Nelly Partain, but by the record and the papers accompanying the record, it is not perceived in what way the witness had any personal interest at the time of her examination in the only decree which the plaintiff sought, to wit: the specific delivery of the choses in .action. Doubtless, she entertained a strong bias in favor of her children; but this effects only her credit, and was duly considered by the Chancellor who heard the cause.
In any view of the subject, however, it is entirely too late for the plaintiff to object to the statements of Nelly Partain in relation to this transaction. If Nelly Partain had possession of choses in action to which he was entitled, and her insolvency authorized his appeal to this Court, he had only to say so in a bill filed against herself. But the scope of the plaintiff’s bill is far more extensive. He makes other persons party defendant, sets forth the alleged gift on the part of the intestate for the benefit of his children, which he charges to be groundless and unfounded, and prays that the defendants may be required, upon their corporal oaths, to answer all and singular the premises, &c. The answer of Nelly Partain, thus interrogated, sets forth, substantially, all the matters in rela7 *216 tion to the gift to which she subsequently testified. Mills vs. Gore, 20 Pickering’s Rep. 28, was a bill in equity to compel the re-delivery of a deed deposited in the hands of the defendant by the plaintiff and another person, who also claimed the deed. It was held, generally, that where the plaintiffs call upon a defendant for a discovery, requiring him to answer, under oath, fully to all matters charged in the bill, they cannot be allowed to say that his answer is not testimony. It was also ruled that the answer of a defendant in a bill in equity, which is responsive to the bill, is admissible in evidence in favor of a co-defendant, more especially where such co-defendant, being the depository of a chattel claimed by the plaintiff, defends himself under the title of the other defendant. See also the opinion of the Supreme Court, delivered by Chief Justice Marshall, in Field vs. Holland, 6 Cranch, 8.
Without inquiring, therefore, whether the other evidence in the cause, independent of the statements of Nelly Partain, was sufficient to establish the gift, we are of the opinion that the decree of the Chancellor was well sustained by competent proof, and that the appeal should be dismissed. It is so ordered and decreed.
Dargan and Wardlaw, CC., concurred.

FLppeal dismissed.